BREEDLOVE vs DENNIE.

Opinion Delivered October 26, 1899.

1. *Evidence—Admissibility of Certified copies of Records.*

Certified copies of documents on file in the office of the Probate Judge, where administrations proceedings are pending, are admissible in evidence.

2. *Attachment—Interpleader—Evidence to show interpleader liable for the debt sued for inadmissible.*

In an attachment suit evidence tending to show that defendant

acted as the agent of an interpleader in a transaction, and that the debt for which the attachment was issued was in reality a debt of the interpleader is inadmissible, as the attachment was wrongfully levied, if the defendant did not owe the debt for which attachment was levied.

3. *Interpleader—Instruction as to right to property.*

Interpleader claims the property in her own right, and as administratrix. The court instructed the jury that the sole question in this case was "whether the property in question is the property of the interpleader who claimed it in her own right, and as guardian of her three minor children, their interests being undivided." *Held*, The instruction properly submitted the case to the jury.

4. *Special Finding of fact—Discretion of Court.*

The submission of special finding of fact to the jury is a matter entirely within the discretion of the trial court.

Appeal from the United States Court for the Northern District.

W. M. SPRINGER, Judge.

Attachment by Breedlove & Lang against George Nipper. Interpleader by Mrs. A. J. Dennie. Judgment in favor of interpleader. Plaintiffs appeal. Affirmed.

On July 4, 1893, at the suit of appellants, an attachment was levied upon personal property of the appraised value of $3,215, alleged to belong to one George Nipper. Afterwards Mrs. A. J. Nipper (now Mrs. A. J. Dennie), appellee herein, filed her interplea, claiming the property attached as administrator and guardian, and in her own behalf. A trial on the interplea resulted in verdict and judgment for the interpleader, from which this appeal is taken.

*T. P. Winchester, J. B. Forrester,* and *Marcum & Fears,* for appellants.

*William T. Hutchings,* for appellee.

CLAYTON, J.   The only errors complained of appear in the motion for a new trial. The first, second, and third paragraphs of the motion for new trial are merely formal, and will be considered in connection with other errors specified.   The fourth, seventh, and eighth paragraphs relate to the admission of certain papers in evidence.   The papers were all shown to be either the original, or certified copies of, documents on file in the office of probate judge, where the administration proceedings were pending, and were identified by him.   There was no testimony to the contrary, and we think they were properly admitted.   The fifth and sixth paragraphs of the motion for new trial are waived by counsel for appellants in their brief.

The ninth and tenth paragraphs relate to the admissibility of testimony showing that the defendant, George Nipper, was acting as the agent of the interpleader in the transaction with the plaintiffs.   The court admitted the testimony, but limited it to whatever effect it might have as contradicting the testimony of the interpleader.   The record shows that on May 20, 1899, the defendant, George Nipper, executed his promissory note to the plaintiffs for $11,500, payable one day after date.   Partial payments were made by Nipper, and at the time of the suit there was about $4,000 still due.   At the trial it was sought to be established by declarations of the interpleader that Nipper was acting as her agent in the transaction, and that the debt was really her own.   This testimony was admitted by the court for the sole purpose of contradicting the interpleader.   Should it have been admitted for the purpose of establishing an agency?   We think not.   Indeed, the testimony was prob-

*Margin note:* Records, Certified copies as evidence.

ably not admissible for any purpose; the fact sought to be established by the proof not having been raised by the pleadings. The plaintiffs brought their suit against the defendant. They attached property, claimed by them to be the property of the defendant, for a debt which they alleged he owed them. If the property did not belong to the defendant, then the attachment was wrongfully levied; and, as Mrs. Dennie was not a party to the original suit, the question of agency was incompetent and immaterial.

Attachment. Property of interpleader.

The eleventh and twelfth paragraphs refer to the charge, and will be considered together. The only error claimed by appellants in the charge given by the court is the following: "The sole question in this case for you to determine is whether the property in question is the property of the interpleader, who claims the same in her own right and as guardian of her three minor children; their interests being undivided." There was testimony showing that the interpleader had been duly appointed as administratrix of the estate of William Walkley, and had made her final settlement as such, and that the property attached was held by her in her own right and as guardian for her minor children. The issue was properly submitted to the jury. The jury found that she was entitled to the possession of the property attached, and she claimed it in her own right and as administratrix and guardian.

Interpleader. Instruction.

Appellants allege error in the refusal of the court to give eight instructions requested by them. The charge given by the court substantially covered all the points raised by the requested instructions.

The eleventh and last error is based on the refusal of the court to submit special findings to the jury. This is a matter entirely within the discretion of the trial court, and

Special Findings of fact.

(39)

a refusal to do so is not reversible error. Railroad Co. vs Parkhurst, 36 Ark. 377. Let the judgment of the lower court be affirmed.

THOMAS and TOWNSEND, JJ., concur.